# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

ALEXANDER HOLMES,

v.                             CASE NUMBER: **9:23-CV-883 (BKS/CFH)**

SUPERINTENDENT

### Order Directing Administrative Closure
### With Opportunity to Comply With Filing Fee Requirements

Petitioner's petition for a writ of habeas corpus was received for filing in the Northern District of New York on July 24, 2023.  A habeas corpus action is commenced in federal district court by filing a petition.  The statutory filing fee ($5.00) must also be paid at the time the petition is filed, unless the petitioner seeks in forma pauperis status.  28 U.S.C. § 1915; N.D.N.Y. Local Rule 5.4(a); Rule 3, Rules Governing Section 2254 Cases in the United States District Courts.[1]  A motion for leave to proceed in forma pauperis ("IFP Application") must include a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities the petitioner has in any account in the petitioner's name at the facility.  Rule 3(a)(2), Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner has not submitted an IFP Application and has not paid the filing fee. The court therefore finds that this action has not been properly commenced.

**WHEREFORE**, it is hereby

**ORDERED** that because this action was not properly commenced, the Clerk is directed

---

[1] The habeas rules also govern petitions filed pursuant to 28 U.S.C. § 2241.  Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

to administratively close this action;[2] and it is further

**ORDERED** that if petitioner wants to pursue this action, he must so notify the Court **WITHIN THIRTY (30) DAYS** of the filing date of this Order and **either**: (1) pay the court's filing fee of five dollars ($5.00); or (2) submit a completed and signed IFP Application that has been certified by an appropriate prison official at his facility; and it is further

**ORDERED** that upon petitioner's compliance with this order, the Clerk shall reopen this action and forward it to the Court for review; and it is further

**ORDERED** that the Clerk serve a copy of this Order on petitioner along with a blank IFP Application.

**IT IS SO ORDERED**.

Dated: July 26, 2023

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge

---

[2] "Such an administrative termination is not a 'dismissal' for purposes of the statute of limitations, and if the case is re-opened under the terms of this order, it is not subject to the statute of limitations time bar if it was originally timely filed." *Smith v. Annucci*, No. 6-20-CV-6620, 2020 WL 8812805, at *1, n.2 (W.D.N.Y. Aug. 25, 2020) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988); *McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996)).